Court of Appeals
Fourth Court of Appeals District of Texas




# MEMORANDUM OPINION

No. 04-11-00498-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Shawn **ROSENBAUM**, Individually and as Heir at Law to Diane Rosenbaum and as Guardian
and Next Friend of Thomas Rosenbaum, A Minor, and Thomas Rosenbaum,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-01757
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  December 21, 2011

REVERSED AND RENDERED

The appellees ("Rosenbaums") sued the City of San Antonio for damages arising from

the tragic death of Diane Rosenbaum caused when her motorized wheelchair became lodged

under a brush truck driven by San Antonio Firefighter David Johnson.  The brush truck was

temporarily parked in a bank parking lot and struck Rosenbaum as it proceeded through the

parking lot and onto the street.  The City of San Antonio appeals the trial court's order denying

its plea to the jurisdiction asserting it retained its immunity under two statutory exceptions to the

waiver of immunity which are applicable in emergency situations. Alternatively, the City contends Johnson's official immunity shields the City from liability. Because we conclude the City of San Antonio retained its immunity under the 9-1-1 emergency service exception to the waiver of immunity, we reverse the trial court's order and dismiss the underlying cause.

## BACKGROUND

Johnson was returning to his station from a cancelled call when he received a tone from dispatch to assist another station with a brush fire. Johnson pulled into a bank parking lot to consult his map book with regard to the location of the brush fire and to switch his radio to the other station's channel to obtain more information. Although Johnson's headlights and marker lights were illuminated, he had not activated his emergency lights and sirens.

After obtaining the necessary information, Johnson checked all of his mirrors before proceeding forward through the parking lot. Two witnesses to the incident stated that Rosenbaum turned in front of the brush truck just as Johnson proceeded forward. Although one witness stated that the emergency lights and siren were activated when Johnson proceeded forward, Johnson stated that he did not activate his emergency sirens and lights until he was approaching the street and after he struck Rosenbaum. Johnson was unaware that he had struck Rosenbaum; her body was released from under the brush truck when Johnson turned onto the street. Johnson continued to drag the wheelchair until the sparks from under his truck caused him to investigate.

## STANDARD OF REVIEW

A plea to the jurisdiction based on sovereign immunity challenges a trial court's jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Such a plea raises a question of law that we review *de novo*. *Id*. We focus first on the plaintiff's petition to determine

whether the facts pled affirmatively demonstrate that jurisdiction exists. *Id*. We construe the pleadings liberally, looking to the pleader's intent. *Id*. at 643. If the pleadings are insufficient to establish jurisdiction, but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead. *Id*. In some instances, however, a plea to the jurisdiction may require the court to consider evidence pertaining to the jurisdictional facts. *Id*. A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted. *Id*.

### EXCEPTIONS AND BURDEN OF PROOF

Even in situations where immunity may generally be waived, such as through the operation or use of a motor vehicle, statutory exceptions for emergencies still can override the immunity waiver. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006). In this case, the City contends two exceptions are applicable. First, immunity is not waived for a claim arising from the action of employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to the situation.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (West 2011). Second, immunity is not waived for a claim that arises from an action of an employee that involves providing 9-1-1 service or responding to a 9-1-1 emergency call if the action does not violate a statute or ordinance applicable to the action. *Id*. at § 101.062(b).

Once the City asserted the two emergency exceptions, the Rosenbaums had the burden to plead and prove that the actions taken by Johnson violated a law or ordinance in order for

---

[1] If no statute is applicable, this exception still would apply if the employee's action is not taken with conscious indifference or reckless disregard for the safety of others. TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (West 2011). The Rosenbaums assert only that an applicable statute was violated and do not assert that Johnson was acting with conscious indifference or reckless disregard. *See Hartman*, 201 S.W.3d at 672 (noting plaintiff did not assert acts or omissions were taken with conscious indifference or reckless disregard).

immunity to be waived under these emergency exceptions. *Hartman*, 201 S.W.3d at 672; *City of San Antonio v. Girela*, No. 04-10-00649-CV, 2011 WL 721484, at *2 (Tex. App.—San Antonio Mar. 2, 2011, no pet.) (mem. op.). Alternatively, the Rosenbaums would be required to present some evidence showing that Johnson was not reacting to an emergency situation or responding to a 9-1-1 emergency call. *Hartman*, 201 S.W.3d at 672.

The Rosenbaums argue that Johnson's actions violated a statute requiring Johnson to have activated his lights and sirens while temporarily parked in the bank parking lot. The Rosenbaums rely on Section 546.003 of the Texas Transportation Code which provides, in pertinent part:

> . . ., the operator of an authorized emergency vehicle engaging in conduct permitted by Section 546.001 shall use, at the discretion of the operator in accordance with the policies of the department or the local government that employs the operator, audible and visual signals.

TEX. TRANSP. CODE ANN. § 546.003 (West 2011). The Rosenbaums note that one type of conduct permitted by Section 546.001 is "park[ing] or stand[ing], irrespective of another provision of this subtitle." *Id*. at § 546.001(1). Therefore, the Rosenbaums contend that Johnson was required to have his lights and siren activated since he was engaged in conduct permitted by Section 546.001, i.e., parking.

Assuming for purposes of this opinion that Section 546.003 was applicable to Johnson's actions,[2] Johnson testified that he has discretion with regard to when he activates his emergency lights and siren. For example, Johnson testified that if he was at the station house, he would not immediately activate his emergency lights and siren in the station house, but would activate them as he approached the street. Johnson's testimony is in accord with Section 546.003, which plainly grants Johnson, as the operator of an emergency vehicle, discretion regarding the use of

---

[2] The City contends Section 546.003 is inapplicable to this case for several reasons; however, we are expressing no opinion on the issue of whether Section 546.003 would be applicable under the facts presented.

audible and visual signals. The Rosenbaums presented no evidence that the policies of the San Antonio Fire Department or the ordinances of the City of San Antonio limit the discretion of an emergency vehicle operator.

The Rosenbaums argue Johnson's testimony that all brush fires are code three calls that require lights and siren conflicts with his testimony that he has discretion as to when to activate his lights and siren. We disagree that Johnson's testimony was conflicting. Johnson generally testified that lights and siren are required on code three calls, but he specifically testified that he has discretion regarding when to activate the lights and siren while on a code three call. Because Johnson's general testimony provided no details about timing with regard to activating the lights and siren, the general testimony did not conflict with his testimony providing the specific details regarding that timing. *See Clifton v. Hopkins*, 107 S.W.3d 755, 759 (Tex. App.—Waco 2003, no pet.) (general statements that provided no details on how and when promises were allegedly made or broken did not conflict with testimony that specifically referred to how and when the promises were allegedly made and broken); *see also State v. Indio Cattle Co.*, 154 S.W.2d 308, 314 (Tex. Civ. App.—San Antonio 1941, writ ref'd w.o.m.) (general, indefinite evidence raised no fact issue as against specific, definite evidence). Because the City conclusively established that Johnson had discretion regarding when to activate his lights and siren, the City conclusively established that Johnson did not violate Section 546.003 by failing to have his lights and siren activated while he was temporarily parked.

The Rosenbaums also use the City's argument that Johnson was not required to have his lights and siren activated while temporarily parked in the parking lot as evidence that he was not responding to the 9-1-1 call until he activated his lights and siren and proceeded onto the street. We disagree. When Johnson pulled into the parking lot, he was responding to the 9-1-1 call by

determining the location of the fire and changing the channel on his radio to obtain further information.  These were appropriate responses, and the law does not require Johnson to be driving toward the location of the fire while he gathers this information in order to be responding to the 9-1-1 call.

Finally, the Rosenbaums rely on Johnson's testimony that he subjectively believed he was not responding to an emergency until he was approaching the exit to the parking lot and activated his lights and siren.  Johnson's subjective belief, however, is not controlling.  *See Tex. Dept. of Pub. Safety v. Little*, 259 S.W.3d 236, 239-40 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding subjective belief was not controlling).  When Johnson began gathering additional information relevant to the 9-1-1 call and the location of the fire, he was responding to the 9-1-1 call.

## CONCLUSION

Because the City conclusively established its immunity under the 9-1-1 emergency service exception, the trial court's order denying the City's plea to the jurisdiction is reversed, and the underlying cause is dismissed.

Catherine Stone, Chief Justice